# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIMBERLINE FISHERIES CORP. d/b/a TIMBERLINE LIVE PET FOODS, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXOTIC NUTRITION, LLC, d/b/a EXOTIC NUTRITION PET COMPANY, a Virginia limited liability company,<br><br>Defendant. | Case No._____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Timberline Fisheries Corporation ("Timberline"), by and through its undersigned attorneys, and for its Complaint against Defendant Exotic Nutrition, LLC ("Exotic Nutrition"), herein states as follows:

## PARTIES

1. Timberline is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business located at 201 East Timberline Drive, 14004 Marion, Illinois 62959. Timberline, manufactures, markets, advertises and sells various pet foods and related goods throughout the United States, including a line of goods in association with Timberline's federally registered CALCIWORMS® Trademark.

2. Upon information and belief, Defendant Exotic Nutrition is a Virginia limited liability company with a principal place of business located at 270 Enterprise Drive, Newport News, Virginia 23603. Upon information and belief, Exotic Nutrition manufactures, markets, advertises and sells various pet foods and related goods throughout the United States

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it includes an action for infringement of a federally registered trademark (15 U.S.C. § 1114) and false designation of origin and unfair competition arising under the Lanham Act (15 U.S.C. § 1125).

4. This Court has supplemental jurisdiction over the state law and common law claims of the State of Missouri under 28 U.S.C. § 1367(a) in that the state law and common law claims are so related to the federal claims in the action that the state law and, moreover, the state law and common law claims form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) in that upon information and belief both parties have conducted business in have marketed, advertised and sold subject products into this judicial district.

**FACTS COMMON TO ALL COUNTS**

6. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-5 above, inclusive, as if set forth fully herein.

*Timberline's Registration And Use Of Its CALCIWORMS® Trademark*

7. Timberline for many years has been engaged in and continues to be engaged in, the development, manufacture, marketing, advertising and sale of various specialty pet foods, such as for example, live pet food, feeder insects and dry goods (generally "Timberline's Pet Food Products").

8. Timberline is the owner of the entire right, title and interest in and to United States Registered Trademark No. 3321784, for the mark CALCIWORMS® for reptile food,

which issued on October 23, 2007 (Timberline's "Registered Mark"). (A copy of Timberline's Trademark Registration is attached hereto as Exhibit A, and incorporated by reference herein).

9. Timberline's above-identified Registered Mark (Exh. A) is in full force and effect, unrevoked, and un-cancelled.

10. Timberline's above-identified Registered Mark (Exh. A) is incontestable.

11. Timberline also has established substantial common law rights in its CALCIWORMS® trademark through Timberline's long and uninterrupted use of the mark in connection with Timberline's development, manufacture, marketing, advertising and sale of various specialty pet foods in association with its CALCIWORMS® mark, all beginning at least as early as October 19, 2006.

12. Timberline has in the past and continues to expend a substantial amount of time, effort, money and other resources to develop and maintain the goodwill that has come to be associated with Timberline's goods associated with Timberline's CALCIWORMS® Registered Mark.

13. The sales, advertising and promotion of the goods sold and offered by Timberline in association with its CALCIWORMS® Registered Mark, have been substantial and as a result, Timberline has acquired a substantial reputation of high quality for various of Timberline's Pet Food Products with which the CALCIWORMS® Registered Mark has been associated.

14. As a result of Timberline's efforts, Timberline's CALCIWORMS® Registered Mark has come to be, and now is, well and favorably known to the public as being associated with various pet foods of high quality.

15. Timberline's use of its CALCIWORMS® Registered Mark in conjunction with various of Timberline's Pet Food Products is distinctive. Timberline has thereby built up and now owns valuable goodwill that is represented by its CALCIWORMS® Registered Mark.

*Exotic Nutrition's Infringing Activities*

16. Exotic Nutrition was, without the consent or authority from Timberline, using the trademark "CALCI-WORMS" in association with one or more Exotic Nutrition pet foods, including food products for reptiles and other exotic animals. (Copies of representative Internet webpages, catalog pages and product packaging showing sales offerings of CALCI-WORMS pet food products by Exotic Nutrition are collectively attached as <u>Exhibit B</u>, and incorporated by reference herein).

17. Upon learning of Exotic Nutrition's activities, Timberline demanded that Exotic Nutrition cease and desist all use of its CALCI-WORMS mark and similarly confusing marks.

18. In response, Exotic Nutrition claimed to have ceased all such use.

19. However, Exotic Nutrition's representation was false.

20. Despite its assurances of stopping all use of its CALCI-WORMS mark and similarly confusing marks, and without consultation with Timberline, Exotic Nutrition merely replaced the CALCI-WORMS trademark with the mark "CALCI-YUM WORMS".

21. Exotic Nutrition's replacement CALCI-YUM WORMS mark is identical to its original CALCI-WORMS mark, with the only change being the insertion of the term "YUM" between the terms "CALCI-" and "WORMS" – and thus Exotic Nutrition's replacement CALCI-YUM WORMS mark is likewise substantially identical and confusingly similar to Timberline's CALCIWORMS® Registered Mark, and Exotic Nutrition's "replacement" mark further

evidences Exotic Nutrition's intentional bad-faith attempt to ride Timberline's coattails and palm off it products as those of Timberline's.

22. Timberline therefore again demanded that Exotic Nutrition cease and desist all use of its CALCI-WORMS mark and similarly confusing marks - including without limitation the CALCI-YUM WORMS mark - in association with pet foods, but Exotic Nutrition has refused to do so.

23. Timberline's uses of its CALCIWORMS® Registered Mark extensively predate any and all trademark use of either the CALCI-WORMS mark or the CALCI-YUM WORMS mark by Exotic Nutrition.

24. Timberline's rights in its CALCIWORMS® Registered Mark were established prior to any and all trademark use of either the CALCI-WORMS mark or the CALCI-YUM WORMS mark by Exotic Nutrition.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

25. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-24 above, inclusive, as if set forth fully herein.

26. Exotic Nutrition's CALCI-WORMS mark is substantially identical to Timberline's CALCIWORMS® Registered Mark, other than the insertion of a "-"between the terms "CALCI" and "WORMS."

27. Exotic Nutrition's replacement CALCI-YUM WORMS mark is identical to its original CALCI-WORMS, other than the insertion of "YUM" between the terms "CALCI-" and "WORMS," and thus the CALCI-YUM WORMS mark is likewise substantially identical to Timberline's CALCIWORMS® Registered Mark.

28. Exotic Nutrition, without the consent or authority of Timberline, has used and is continuing to use in commerce one or more of the marks CALCI-WORMS and/or CALCI-YUM WORMS in association with goods that are identical to and/or similar to Timberline's CALCIWORMS® goods in a manner that is likely to cause confusion, or to cause mistake as to the sponsorship or association of such use with Timberline.

29. By virtue of these facts, Exotic Nutrition's actions constitute trademark infringement of Timberline's CALCIWORMS® Registered Mark under 15 U.S.C. § 1125(a)(1)(A).

30. Further, any and all faults or imperfections in Exotic Nutrition's pet food products and/or related services, in association with which Exotic Nutrition uses one or more of the marks CALCI-WORMS and/or CALCI-YUM WORMS, have reflected and will reflect adversely on Timberline and Timberline's established goodwill and reputation unless the relief sought herein is granted.

31. Exotic Nutrition's past and ongoing infringement of the nearly identical and confusingly similar marks CALCI-WORMS and/or CALCI-YUM WORMS has been deliberate, outrageous, reckless and willful, and have been committed with the intent to cause confusion, mistake, and to deceive and defraud the public, entitling Timberline to enhanced damages, and to an award of attorneys' fees under the Lanham Act.

32. Timberline has been and will be severely injured by Exotic Nutrition's acts.

33. Timberline's injury will be, is, and/or continues to be immediate and irreparable, and an award of monetary damages alone cannot fully compensate Timberline for its injuries.

34. Timberline lacks an adequate remedy at law.

## COUNT II
## FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

35. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-34 above, inclusive, as if set forth fully herein.

36. Exotic Nutrition's past and ongoing acts constitute trademark infringement, false designation of origin or a false or misleading description or representation of fact in violation of the Lanham Act, 15 U.S.C § 1125

37. Exotic Nutrition's past and ongoing infringement of the nearly identical and confusingly similar marks CALCI-WORMS and/or CALCI-YUM WORMS has been deliberate, outrageous, reckless and willful, and have been committed with the intent to cause confusion, mistake, and to deceive and defraud the public, entitling Timberline to enhanced damages, and to an award of attorneys' fees under the Lanham Act.

38. Timberline has been and will be severely injured by Exotic Nutrition's acts.

39. Timberline's injury will be, is, and/or continues to be immediate and irreparable, and an award of monetary damages alone cannot fully compensate Timberline for its injuries.

40. Timberline lacks an adequate remedy at law.

## COUNT III
## FEDERAL UNFAIR COMPETITION

41. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-40 above, inclusive, as if set forth fully herein.

42. Exotic Nutrition's use, sale, advertising and/or marketing of pet foods and/ or related services in association with the one or both of the marks CALCI-WORMS and/or CALCI-YUM WORMS constitutes the use of a false designation of origin and unfair

competition in violation of 15 U.S.C § 1125(a)(1)(A), in that such use is likely to confuse and mislead customers into believing that such goods and services of Exotic Nutrition marketed and/or sold under one or both of the marks CALCI-WORMS and/or CALCI-YUM WORMS have the same source of origin as Timberline's pet foods associated with Timberline's CALCIWORMS® Registered Mark, or lead customers to believe that the goods and/or related services of Exotic Nutrition are those of Timberline, or that Exotic Nutrition's goods and/or related services offered by Exotic Nutrition in association with one or more of the marks CALCI-WORMS and/or CALCI-YUM WORMS are in some way associated with or connected with or sponsored by or licensed by or authorized by or warranted by or emanate from Timberline, all to the great detriment of and injury to Timberline.

43. Further, all faults or imperfections in Exotic Nutrition's pet food products and/or related services, in association with which Exotic Nutrition uses one or more of the marks CALCI-WORMS and/or CALCI-YUM WORMS, have reflected and will reflect adversely on Timberline and Timberline's established goodwill and reputation unless the relief sought herein is granted.

44. Exotic Nutrition's past and ongoing acts have been deliberate, outrageous, reckless and willful, and have been committed with the intent to cause confusion, mistake, and to deceive and defraud the public, entitling Timberline to enhanced damages, and to an award of attorneys fees under the Lanham Act.

45. Timberline has been and will be severely injured by Exotic Nutrition's acts.

46. Timberline's injury will be, is, and/or continues to be immediate and irreparable and an award of monetary damages alone cannot fully compensate Timberline for its injuries.

47. Timberline lacks an adequate remedy at law.

## COUNT IV
## MISSOURI AND ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT

48. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-47 above, inclusive, as if set forth fully herein.

49. Exotic Nutrition's past and ongoing acts as aforesaid therefore constitute common law trademark infringement of Timberline's CALCIWORMS® Registered Mark and/or CALCIWORMS common law mark in violation of Missouri and Illinois common law.

50. Exotic Nutrition's wrongful acts have been deliberate, outrageous, reckless and committed with wrongful intent, and with Exotic Nutrition's knowledge of their wrongful nature, and are intentional and willful entitling Timberline to punitive damages and recovery of its attorneys' fees.

51. Timberline has been and will be severely injured by Exotic Nutrition's acts.

52. Timberline's injury is, will be, and/or continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Timberline for its injuries.

53. Timberline lacks an adequate remedy at law.

## COUNT IV
## MISSOURI AND ILLINOIS COMMON LAW UNFAIR COMPETITION

54. Timberline realleges and incorporates by reference all of the allegations of paragraphs 1-53 above, inclusive, as if set forth fully herein.

55. Exotic Nutrition's use, sale, advertising and/or marketing of pet foods and/ or related services in association with the one or both of the marks CALCI-WORMS and/or

CALCI-YUM WORMS constitutes palming off and the use of a false designation of origin and unfair competition in violation of Missouri and Illinois common law.

56.     Exotic Nutrition's past and ongoing acts as aforesaid are false and misleading and therefore constitute unfair competition in violation of Missouri common law.

57.     Exotic Nutrition's wrongful acts have been deliberate, outrageous, reckless and committed with wrongful intent, and with Exotic Nutrition's knowledge of their wrongful nature, and are intentional and willful entitling Timberline to punitive damages and recovery of its attorneys' fees.

58.     Timberline has been and will be severely injured by Exotic Nutrition's acts.

59.     Timberline's injury is, will be, and/or continues to be immediate and irreparable and an award of monetary damages alone cannot fully compensate Timberline for its injuries.

60. Timberline lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Timberline respectfully demands judgment in its favor and against Exotic Nutrition, and prays that this Court:

A.      Grant Timberline a permanent injunction against Exotic Nutrition enjoining and restraining Exotic Nutrition and its principals, agents, servants, employees, representatives and distributors directly or indirectly: (i) from using or displaying Timberline's CALCIWORMS® Registered Mark or any similar or confusing variations thereof, including without limitation Exotic Nutrition's CALCI-WORMS and CALCI-YUM WORMS marks, and all similar or confusing variations thereof (including, but not limited to, enjoining Exotic Nutrition from using or displaying in connection or association with various pet food products and/or related services,

trade names, advertising, invoices, stationery, directory listings, domain names, websites, Internet metatags, keywords for Internet search engines, post URL or forwarding commands, hyperlinks, and any other electronic coding and search terms); and (ii) from continuing any and all acts of deception or unfair competition as alleged herein;

   B. Issue an Order providing for the seizure and removal from Exotic Nutrition's premises, and from all other sources available to Exotic Nutrition, of all Exotic Nutrition's property and goods bearing infringing trademarks, the means of making such marks and records documenting the manufacture, sale, or receipt of things involved in all such violations;

   C. Issue an Order directing Exotic Nutrition to account to Timberline for any and all profits derived by Exotic Nutrition from the sale of all goods and/or services derived through or associated with Exotic Nutrition's acts of infringement and/or unfair competition, and that Timberline be awarded damages for Exotic Nutrition's infringement of and unfair competition as to Timberline's Mark so as to fully compensate Timberline for all damages including loss of revenue, loss of goodwill, and damage to its goodwill and reputation as a result of Exotic Nutrition's acts;

   D. Issue an Order that all of Exotic Nutrition's products and systems, merchandise, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other tangible items in the possession of Exotic Nutrition bearing either the CALCI-WORMS mark and/or CALCI-YUM WORMS mark and/or any other trademarks confusingly similar thereto, as well as all molds, plates, mortices, computer programs and files, and all other tangible and/or intangible means of making the same, shall be accounted, delivered up and destroyed;

   E. Award to Timberline and against Exotic Nutrition, all Timberline's damages and Exotic Nutrition's profits arising from any and all of Exotic Nutrition's use of the CALCI-

WORMS mark and/or CALCI-YUM WORMS mark and/or any other trademarks confusingly similar thereto;

F.  Treble damages or profits, whichever is greater;

G.  Award Timberline its attorneys' fees as permitted by Federal law including but not limited to the Lanham Act and 15 U.S.C. § 1117, state law, and common law;

H.  Award Timberline punitive damages in an amount sufficient to deter Exotic Nutrition from perpetrating such conduct as alleged herein in the future;

I.  Award Timberline all costs of this action, and assess all costs against Exotic Nutrition;

J.  Award Timberline pre-judgment and post-judgment interest against Exotic Nutrition; and

K.  Award and grant Timberline all such other and further relief as the Court may deem proper and appropriate; and

## JURY TRIAL DEMAND

Timberline hereby requests a jury trial.

**********

Respectfully Submitted,

Sandberg Phoenix & von Gontard, P.C.

By: */s/*Douglas D. Churovich
Douglas D. Churovich, #47,736MO
Sandberg Phoenix & von Gontard, P.C.
120 S. Central Ave., Suite 1600
Clayton, Mo 63105
dchurovich@sandbergphoenix.com

*Attorneys for Plaintiff TIMBERLINE*